UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.    : | Case No. 1:24-cr-216 |
| : | |
| EDUARDO ALBERTO ZELAYA VIDES : | |
| : | |
| Defendant. : | |

**REPLY TO DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S MOTION FOR REVIEW AND REVERSAL OF MAGISTRATE JUDGE'S RELEASE ORDER**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Reply to Defendant's "Opposition to the Government's Request to Overturn Magistrate Judge's Release Order." In support thereof, the government states the following:

**Applicable Legal Standard**

The defendant is subject to detention pursuant to 18 U.S.C. § 3132(f)(1)(A) because he is charged with a crime of violence as defined by 18 U.S.C. § 3156(a)(4)(C) (defining a "crime of violence" as any felony violation under Chapter 110, which includes violations of 18 U.S.C. §§ 2251, 2252(a)(2) with which defendant is charged. The defendant cannot overcome the presumption of detention in this case.

Under the Bail Reform Act, if the Court determines that "no condition or combination of conditions will reasonably assure the appearance of [the defendant] as required and the safety of any other person and the community," the Court shall order the defendant held pending trial. 18 U.S.C. § 3142(e). "In common parlance, the relevant inquiry is whether the defendant is a 'flight risk' or a 'danger to the community.'" *United States v. Vasquez-Benitez*, 919 F.3d 546, 550 (D.C.

1

Cir. 2019). As a threshold matter, the government must demonstrate by a preponderance of the evidence that a defendant is a flight risk, *see United States v. Anderson*, 177 F. Supp. 3d 458, 466 (D.D.C. 2016) (citing *United States v. Xulam*, 84 F.3d 441, 443 (D.C. Cir. 1996)), and by clear and convincing evidence that he is a danger to the community, *see* 18 U.S.C. § 3142(f).

In determining whether any condition or combinations of conditions will assure the safety of the community, in light of any applicable presumptions, the Court weighs four factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. *See* 18 U.S.C. § 3142(g).

Here, because Child Exploitation Enterprise, Conspiracy to Distribute Child Pornography, and Distribution of Child Pornography, are crimes of violence involving minor victims, "[s]ubject to rebuttal by the [defendant], it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(E). This presumption "operate[s] at a minimum to impose a burden of production on the defendant to offer some credible evidence contrary to the statutory presumption." *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985); *United States v. Portes*, 786 F.2d 758, 764 (7th Cir. 1985) (observing that the presumptions in § 3142(e) "are rebutted when the defendant meets a burden of production by coming forward with some evidence that he will not flee or endanger the community if released"). But even if the defense produces credible evidence, the presumption retains evidentiary weight and is considered by the Court among the Section 3142(g) factors. *See, e.g.*, *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) ("Even when a defendant satisfies his burden of production, however, 'the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those

weighed by the district court.' . . . The presumption remains as a factor because it is not simply an evidentiary tool designed for the courts. Instead, the presumption reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)); *United States v. Ali*, 793 F. Supp. 2d 386, 388 n. 2 (D.D.C. 2011) ("[C]ircuits that have considered the issue require using the presumption as a factor even after the defendant has produced credible evidence.").

In making this determination, the "rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing." 18 U.S.C. § 3142(f). Specifically, the presentation of hearsay evidence is permitted, and the government may proceed by proffer. *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996). Moreover, the government is not required to "spell out in precise detail how the government will prove its case at trial, nor specify exactly what sources it will use." *United States v. Martir*, 782 F.2d 1141, 1145 (2d Cir. 1986); *see also United States v. Williams*, 798 F. Supp. 34, 36 (D.D.C. 1992). A pretrial detention hearing should not be used as a discovery device. *See Smith*, 79 F.3d at 1210; *Williams*, 798 F. Supp. at 36.

## Argument

For reasons that follow, the defendant poses an unmitigable risk to community safety and is a flight risk. Because there are no conditions of release adequate to reasonably assure community safety or the defendant's return to Court, this Court should order the defendant detained pending trial.

### A. Nature and Circumstances of the Charged Offense

The defendant's alleged conduct in this case is extremely harmful and dangerous to the community. As described in the Government's initial motion, the nature and circumstances of the

present offense make clear that this factor weighs heavily in favor of detention because, as this court has repeatedly recognized, the type of criminal conduct here involves the sexual exploitation of the most vulnerable members of our community – young children. "Child pornography depicts pictorial evidence of physical sex abuse against and exploitation of children and the production and distribution of such contraband carries a multitude of harms." *United States v. Galarza*, No. 18-MJ-146 (RMM), 2019 WL 2028710, at *6 (D.D.C. May 8, 2019) (Howell, C.J.) (reversing magistrate court's release order); *United States v. Nickelson*, No. 18-MJ-102 (GMH), 2018 WL 4964506 (D.D.C. Oct. 15, 2018) (Howell, C.J.) (same); *United States v. Blanchard*, No. 18-MJ-101 (GMH), 2018 WL 4964505, at *4 (D.D.C. Oct. 15, 2018) (Howell, C.J.) (same).  Children captured in images and videos depicting their sexual abuse are significantly harmed at the time that the images and videos are created, and they are re-victimized and re-traumatized every time an individual, like Defendant and this co-conspirators, view and share these images for their own sexual gratification and for the sexual gratification of others. *See Galarza*, 2019 WL 2028710, at *6 (noting that "'the perpetual nature of child pornography distribution on the Internet causes significant additional harm to victims,' [who] 'live with persistent concern over who has seen images of their sexual abuse' and how those images are being used to cause additional harm.'" (quoting U.S. SENT'G COMM'N, FEDERAL CHILD PORNOGRAPHY OFFENSES (Dec. 2012) at vii); *Nickelson*, 2018 WL 4964506, at *4 (same); *Blanchard*, 2018 WL 4964505, at *4 (same).

The seriousness of these offenses is also reflected by Congress's judgment that those charged with Distribution of Child Pornography should be presumed detained pending trial, *see* 18 U.S.C. § 3142(e)(3)(E), and are subject to a mandatory minimum term of imprisonment upon conviction, *see* 18 U.S.C. § 2252(b)(1).

Defendant's conduct in this case was particularly egregious in that it involved the

distribution of dozens of videos depicting the sexual abuse of dozens of children. Despite the defendant's claim that he was the "least active" member of the Limitless Kik group, (Defendant's Opposition, at 4), the evidence demonstrates that he was a very active participant. As detailed in the Government's initial motion, the defendant posted several child pornography videos to the Limitless group, including videos depicting the sexual abuse of prepubescent children. In addition, the defendant repeatedly called upon others in the group to post more child pornography videos-- repeatedly encouraging others to "post your young sluts" and calling on others to remain active in the group so that the chat did not "die." Thus, by actively encouraging others to post child pornography videos in the Limitless group, the defendant played a very significant role in amplifying the scale of the harm that the group was causing to the minor victims whose sexual abuse was being celebrated and shared by multiple people on-line. The videos shared in the Limitless group included videos depicting children as young as infants being sexually abused by adults.

Indeed, the Sentencing Guidelines recognize the serious nature of the offenses that this defendant is charged with, which include offense-level enhancements for material involving a prepubescent minor, *see* USSG §2G2.2(b)(2), and for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor, *see* USSG §2G2.2(b)(5). In addition, the Guidelines provide additional enhancements for engaging in the knowing distribution of such material, *see* USSG §2G2.2(b)(3)(F), for using a computer or interactive computer service to do so, *see* USSG §2G2.2(b)(6), and for the number of images, *see* USSG § 2G2.2(b)(7)(B). Accordingly, despite Defendant's assertions in his Opposition (at page 5) to the contrary, even where there is no evidence of "contact" offenses, the nature and circumstances of Defendant's offense here weigh heavily in favor of detention.

### B. The Weight of the Evidence Against the Defendant

The second factor to be considered, the weight of the evidence, also weighs heavily in favor of detention. The evidence against Defendant in this case is extremely strong. As detailed in the Government's initial motion, the defendant posted multiple child pornography videos in a group chat that was being monitored by an undercover police officer. In addition to his participation in the group chat, the defendant also engaged in a private chat with the undercover officer, during which he discussed his sexual interest in children, including his purported 9-year-old niece and the officer's purported minor daughter.

While some judges in this Court have indicated that this factor should be given less weight, in *United States Blackson*, following a thorough review of the text of Section 3142 and decisions analyzing this factor, then–Chief Judge Howell found that "the weight of the evidence should not automatically be weighed less than the remaining statutory pretrial detention factors." No. 23-CR-25 (BAH), 2023 WL 1778194, at *8 (D.D.C. Feb. 6, 2023) (Howell, J.). Instead, "the weight of the evidence against [a] defendant [should] be weighed as all factors are—in accordance with the specific facts of this case—to determine whether pretrial detention is appropriate." *Id.* at *10. In an unpublished opinion, the D.C. Circuit affirmed then–Chief Judge Howell's decision. *United States v. Blackson*, No. 23-3020, 2023 WL 2663034 (D.C. Cir. Mar. 28, 2023). The Second Circuit reached the same decision after a thorough and careful analysis of the issue. *United States v. Zhe Zhang*, 55 F.4th 141, 149–150 (2d Cir. 2022). This Court should follow *Blackson* and *Zhang*; this factor should be given no less weight than any other factor.

Indeed, "if the evidence against a defendant is overwhelming, credible, helpful, and important to the government's case in chief, that may increase the risk that defendant will flee to avoid future court proceedings and may indicate that the defendant is a present danger to himself

or the community if the government's allegations later prove to be true." *Blackson*, 2023 WL 1778194, at *10. This is such a case, and Defendant should be detained pending trial.

### C. The History and Characteristics of the Defendant

Although Defendant has a limited criminal history, he has admitted to the undercover officer in this case that he has a sexual interest in children and he encouraged the officer to sexually abuse his purported minor daughter. Specifically, Defendant encouraged the undercover officer to ejaculate on his purported daughter's lips so that she "starts getting used to the taste of daddy's cum." This effort on the part of the Defendant to get the officer to sexually abuse his purported daughter is indicative of the defendant's dangerousness because it demonstrates that his conduct was not limited to sharing child sexual abuse material and encouraging others to share it, but instead, it moved beyond that to an attempt to encourage someone else to commit a contact offense against a child. The Defendant also told the undercover officer that he would like to meet "a perv single mom" so that he could "train an [sic] bunch of little sluts." Clearly, at a minimum, the defendant has revealed a strong desire to sexually abuse children, beyond viewing and sharing visual depictions of their sexual abuse with others.

Accordingly, this factor also weighs in favor of detention.

### D. The Nature and Seriousness of the Danger to any Person or the Community

The facts and evidence in this case establish that Defendant poses a grave danger to the community. As discussed above, the distribution of child pornography presents a serious danger to the community because it results in severe mental, emotional, and physical trauma to the children who are victimized by offenders such as Defendant, who seek to achieve sexual gratification through viewing and sharing of images depicting the sexual abuse of children. Defendant, as a consumer and trafficker of this abhorrent material, furthers the demand for new

material depicting the graphic sexual exploitation and sexual abuse of vulnerable children.  It is precisely "[t]hese significant harms and dangers [that] animated the Congress to create the statutory presumption of detention in these cases." *Galarza*, 2019 WL 2028710, at *7; *Nickelson*, 2018 WL 4964506, at *5 (noting also Congress's creation of significant statutory mandatory minimum penalties); *Blanchard*, 2018 WL 4964505, at *4 (same).

As described above, Defendant here has not only engaged in the distribution of child pornography material depicting extremely vulnerable young children, but he also sought out others who share his sexual interest in children and encouraged them to share this harmful material at scale.  In addition, Defendant encouraged the undercover officer to sexually abuse his purported minor daughter and he expressed a desire to meet a "single perv mom" so that he could "train" young children for his sexual gratification.

The totality of his conduct and personal circumstances demonstrates that he is an unmitigable danger to the community and a serious risk of flight.  There is no condition or combination of conditions that could reasonably assure community safety or Defendant's return to Court were he to be released.  This Court should detain him pending trial.

## Conclusion

For the foregoing reasons, the government respectfully requests that this Court detain Defendant Eduardo Zelaya Vides pending trial.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By:     */s/ Karen L. Shinskie*
Karen Shinskie
DC Bar #1023004
Assistant United States Attorney
United States Attorney's Office
601 D Street, NW
Washington, DC 20530
Phone: (202) 730-6878