AO 472 (Rev. 11/16; DC 1/19) Order of Detention

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

| | |
|---|---|
| United States of America<br>v.<br><br>_____<br>*Defendant* | )<br>)<br>)   Case No.<br>)<br>) |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

❑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

❑ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

❑ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

❑ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

❑ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

❑ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

❑ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

❑ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

❑ **(e)** any felony that is not otherwise a crime of violence but involves:

**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

❑ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

❑ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

❑ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472 (Rev. 11/16; DC 1/19) Order of Detention

❒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

   ❒ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

   ❒ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

   ❒ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

   ❒ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

   ❒ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

   ❒ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis, with the evidence or argument presented by the defendant summarized in Part III.C.

   ❒ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

      **OR**

   ❒ The defendant has not presented sufficient evidence to rebut the presumption. Moreover, after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

**Part III - Analysis and Statement of the Reasons for Detention**

A.  After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

   ❒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

   ❒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

B.  In addition to any findings made on the record at the hearing, the reasons for detention include the following:

   ❒ Weight of evidence against the defendant is strong

   ❒ Subject to lengthy period of incarceration if convicted

   ❒ Prior criminal history

   ❒ Participation in criminal activity while on probation, parole, or supervision

AO 472 (Rev. 11/16; DC 1/19) Order of Detention

❏ History of violence or use of weapons
❏ History of alcohol or substance abuse
❏ Lack of stable employment
❏ Lack of stable residence
❏ Lack of financially responsible sureties
❏ Lack of significant community or family ties to this district
❏ Significant family or other ties outside the United States
❏ Lack of legal status in the United States
❏ Subject to removal or deportation after serving any period of incarceration
❏ Prior failure to appear in court as ordered
❏ Prior attempt(s) to evade law enforcement
❏ Use of alias(es) or false documents
❏ Background information unknown or unverified
❏ Prior violations of probation, parole, or supervised release

## C. OTHER REASONS OR FURTHER EXPLANATION:

The defendant's evidence/arguments for release:

Nature and circumstances of offense:

The strength of the government's evidence:

AO 472 (Rev. 11/16; DC 1/19) Order of Detention

The defendant's history and characteristics, including criminal history:

The defendant's dangerousness/risk of flight:

**Part IV - Directions Regarding Detention**

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: _____        _____

                                                           United States District Court Judge

*United States v. Vides*, 24cr216

**ATTACHMENT TO ORDER OF DETENTION PENDING TRIAL, PART III. C:**
**Consideration of Defendant's evidence/arguments for release and**
**18 U.S.C. § 3142(g) Factors**

(1) **The Nature and Circumstances of the Offense**:

The nature and circumstances of the offense weigh heavily in favor of detention. Defendant Eduardo Alberto Zelaya Vides is charged with three felonies, Indictment, ECF No. 5, charging him with violations of 18 U.S.C. § 2252A(g)(2) and § 2252(a)(2) & (b)(1), which carry penalties upon conviction of mandatory minimums of 20 years to life imprisonment and 5 to 20 years' imprisonment, respectively, based on his alleged offense conduct of participating in an online child pornography messaging group from March 21, 2024 to March 30, 2024, *see* Statement of Facts ("SOF") at 1–4, ECF No. 1-1.

The government proffers that defendant (1) posted child pornography videos in said group, (2) encouraged others to post videos in the group, (3) encouraged an undercover law enforcement officer ("UC") to sexually assault his purported minor daughter, and (4) stated that defendant had been trying to get alone time with his nine-year-old niece for the purposes of sexually exploiting her. The distribution of child pornography "carries a multitude of harms," not only at the time of their sexual abuse but also when individuals share images and videos of their abuse. *United States v. Galarza*, No. 18-MJ-146 (RMM), 2019 WL 2028710, at *6 (D.D.C. May 8, 2019) (Howell, C.J.) (reversing magistrate court's release order); *United States v. Nickelson*, No. 18-MJ-102 (GMH), 2018 WL 4964506 (D.D.C. Oct. 15, 2018) (Howell, C.J.) (same); *United States v. Blanchard*, No. 18-MJ-101 (GMH), 2018 WL 4964505, at *4 (D.D.C Oct. 15, 2018 (Howell, C.J.) (same).

Defendant's conduct involved distribution of dozens of videos depicting the sexual abuse of children. Although defendant argues that he was the least active member of the group and that his statements merely constituted "fantasy talk," Def.'s Opp'n to Govt's Request to Overturn

*United States v. Vides*, 24cr216

Magistrate Judge's Release Order ("Def.'s Opp'n") at 5, ECF No. 12, the evidence demonstrates

that he encouraged other members to post child pornography videos to the group daily, and

encouraged members to sexually assault minors in their real lives, Govt's Reply to Def.'s Opp'n

("Govt's Reply") at 5, ECF No. 13.

The defendant played a significant role in the child exploitation enterprise, and the nature

and circumstances of defendant's offense conduct weigh heavily in favor of pretrial detention.

**(2) <u>The Weight of the Evidence Against the Person</u>:**

The weight of the evidence against this defendant is overwhelming and thus strongly

favors pretrial detention.  The government's proffer of how defendant was identified as the

person posting online under the username "edwardanarchy" is solid and persuasive, *see* SOF at

6, though defendant has not conceded this point.  Nevertheless, based on this proffered identity

evidence, the Court is persuaded that the conduct attributed to defendant is an accurate

attribution.

A UC observed defendant's conduct in a child pornography messaging group for

approximately two weeks.  Govt's Reply at 6.  The UC observed defendant (1) posting multiple

child pornography videos in the group, *id.;* (2) encouraging others to post such contraband, *id.*;

(3) engaging in a private chat with the UC, where defendant encouraged the UC to sexually

abuse his purported young daughter and send defendant photographs of her, *id.*; (4) expressing a

desire to sexually abuse his nine-year-old niece, *id.*; (5) and expressing interest in finding a "perv

mom" for access to minors, *id* at 8.  "[T]he weight of the evidence against [a] defendant [should]

be weighed as all factors are—in accordance with the specific facts of this case—to determine

whether pretrial detention is appropriate."  *United States v. Blackson*, No. 23-CR-25(BAH), 2023

WL 1778194, at *8 (D.D.C. Feb. 6, 2023) (Howell, J.).  "[I]f the evidence against a defendant is

overwhelming, credible, helpful, and important to the government's case in chief, that may increase the risk that defendant will flee to avoid future court proceedings and may indicate that the defendant is a present danger to himself or the community if the government's allegations later prove to be true." *Id.* at *10.  Such is the case here.

(3) **The History and Characteristics of the Person**:

The defendant is 30 years old, resides with his mother and brother, and has no significant criminal history.  *See* Def.'s Opp'n at 1, 5–8.  He has a bachelor's degree from San Francisco State University and is studying for his master's degree.  *Id.* at 6.  He has been employed as a server and manager at a restaurant in Mountain View, California for approximately five years.  *See id.*  He was born in El Salvador, and became a naturalized U.S. citizen in 2021.  *Id.* at 5–6.  Defendant's family has posted a $50,000 bond and states that they will ensure that he travel to the district for all of his court hearings.  *Id.*  Defendant's brother and mother have also installed or indicated their willingness to install fingerprint unlocking technology on their electronic devices, so that defendant may not access their electronic devices unsupervised.  *Id.*

At the same time, defendant has strong contacts with El Salvador, where he visits frequently, and this raises legitimate concern about risk of flight, given that defendant is facing potential penalties of 5- or 20-years' incarceration as a mandatory minimum.  His ongoing educational endeavor, employment, and immediate family ties, however, balanced against his ties abroad in El Salvador, renders this factor as neutral in weighing whether detention is warranted in this case.

**(4) The Nature and Seriousness of the Danger to Any Person or the Community that Would be Posed by the Person's Release:**

The nature and seriousness of the danger to the community posed by the defendant's release weighs heavily in favor of detention.  Distribution of child pornography results in severe

mental, emotional, and physical trauma to the minor victims of the offense.  Defendant's alleged

conduct involved posting daily messages in a child pornography distribute chat group and

encouraging others to do the same.  Defendant's consumption of this material "furthers the

demand for new material depicting the graphic sexual exploitation and sexual abuse of

vulnerable children."  Govt's Reply at 8.  The government alleges that defendant not only

distributed and consumed child sexual exploitation materials, but he also encouraged a UC to

sexual abuse his purposed minor daughter and stated that he had been trying to get alone time

with his nine-year-old niece to sexually abuse her or to find a "perv mom."  *Id.*

      The magistrate judge's conditions of release would allow defendant to have access to one

personal electronic device, and also allow for him to continue working and going out in the

community, which would allow him access to other electronic devices at work or elsewhere.

With such access to electronics and the internet, it would be near-impossible to ensure that

defendant fully complied with conditions of pretrial release not to engage in further offense

conduct.  Defendant's family members state that they would be willing to help limit his access to

electronics and to monitor his use of electronics, but defendant allegedly committed the instant

offenses while living with his family in the same home where he would be released.  Defendant's

family was unaware of his alleged criminal conduct, and due to the private nature and use of

electronic devices in his purported offenses, it would be difficult for defendant's family to

monitor him to the extent necessary to ensure his compliance with his conditions.

      There is no combination of conditions of release that could ensure that defendant does not

pose a significant danger to the community, and thus this factor weighs heavily in favor of

detention.